UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEKINAH GRIFFIN,

    Plaintiff,

  v.

JEFF WYLER HONDA OF COLERAIN, et al.,

    Defendants.

Case No. 1:25-cv-140

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOCMMENDATION**

On March 21, 2025, the Court granted Plaintiff's March 7, 2025 application to proceed *in forma pauperis*, and permitted Plaintiff to file her complaint notwithstanding facial deficiencies. (Doc. 2). On April 21, 2025, Plaintiff filed an amended complaint in an attempt to correct the facial deficiencies identified in her original complaint. (Doc. 3).

**I.    Screening Standard**

As Plaintiff is aware from prior litigation that she filed *in forma pauperis* in this Court,[1] Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). The amended complaint wholly supersedes Plaintiff's facially deficient original pleading. As the operative pleading, the amended complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails

---

[1] *See* No. 1:23-cv-542-SJD-SKB.

1

to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Allegations of the Amended Complaint

Plaintiff has named as Defendants a total of five business entities: Jeff Wyler Honda of Colerain, General Electric Credit Union, Secure Collateral Management, Ally Financial, and Stealth Auto Recovery. She identifies 42 U.S.C. § 1983, the civil rights statute, as the basis for this Court's subject matter jurisdiction over her claims against all Defendants.

Plaintiff explains that her claims originate from a consumer credit transaction with "Jeff Wyler Honda of Colerain, et al.," dated December 31, 2022. (Doc. 4, PageID 84).[2] Plaintiff alleges that Defendant Jeff Wyler Honda "failed to disclose material factors resulting in misrepresentation, fraud/intentionally concealing material facts, breach of fiduciary duties, securitization fraud, double dipping, conversion and theft, failure to disclose the consumer credit transaction would be sold nor to whom how or what securitization pool or trust it would become a part of." (*Id.*)

---

[2]While the underlying transaction is presumed to involve the purchase of an automobile, the amended complaint does not specifically identify it as such.

3

Plaintiff alleges that Defendant General Electric Credit Union ("GECU") "claimed to lend plaintiff money to complete the consumer credit transactions when in fact they recorded the promissory note received from Jeff Wyler Honda as an asset and created a matching liability and or loan amount in Plaintiff's name," a process that Plaintiff alleges was "credit creation not a direct exchange of money that financial institutions utilize to increase the money supply with consumer credit transaction contracts." (*Id.*, PageID 85). Plaintiff further alleges that GECU "continuously harassed plaintiff for repayment deliberately ignoring verbal and physical cease and desist letters, [and] a requested verification of debt letter." (*Id.*)

Defendant Secure Collateral Management appears next in Plaintiff's chronological account. She alleges that GECU "wrote off and sold [the] contract to Secure Collateral Management who then began harassing plaintiff [on] Dec. 9, [2023] for repayment and or relinquishing of property which [led] to threats to confiscate the property." (*Id.*, PageID 85).

Ally Financial is the fourth identified Defendant. Plaintiff alleges that "Secure Collateral management then sold [the] contract to Ally Financial who invaded Plaintiff's privacy [on] Jan. 3, 2024 with unreasonable surveillance/ tracking." (*Id.*)

Plaintiff ends her amended complaint with two allegations against Ally Financial and the fifth Defendant, Stealth Auto Recovery. Specifically, Plaintiff alleges that "Ally Financial participated in organized retail crime (ORC) [by] stealing the property and releasing it to Stealth Auto Recovery who withheld the stolen property [on] Jan 11, [2024], and requested payments for retrieving property." (*Id.*). She also alleges that a "breach of peace complaint was filed and dismissed/ignored" by Stealth Auto Recovery. (*Id.*)

4

As "Relief" Plaintiff seeks:

> [R]efund of any credits and or remaining credit balance from consumer credit transaction (treatment of credit balances/account termination.) Reward of amounts made during securitization process. Return of property and or reward of new property clean and clear of liens and promises to pay.

(Id., PageID 86).

### III. Analysis

In response to a query about prior lawsuits she has filed, Plaintiff lists two cases: *Griffin v. General Electric Credit Union*, No. 1:23-cv-542-SJD-SKB, and *Griffin v. Jeff Wyler Colerain*, No. 1:23-001-3290. Although this Court has no record of the second case, Plaintiff initiated the first case on August 29, 2023. After initial screening, it was dismissed sua sponte with prejudice on November 20, 2023. For many of the same reasons, the amended complaint in the above-captioned case is also subject to sua sponte dismissal.

#### A. None of the Defendants are State Actors Under 42 U.S.C. § 1983

In her prior case, Plaintiff attempted to file suit against GECU and two of its employees over complaints that GECU had failed to honor her "rights as a consumer" with respect to the same underlying credit transaction.[3] Similar to her allegations in this case, Plaintiff previously alleged that GECU ignored Plaintiff's "cease and desist and notice of dispute" concerning the transaction. (*See* No. 1:23-cv-542-SJD-SKB, Doc. 4, at PageID 44-45). Plaintiff also previously alleged, as she does here, that subject matter

---

[3] Plaintiff identified the transaction at issue in her prior case in her objections to the R&R that recommended dismissal of her claims, and included a copy of her original purchase agreement and retail installment contract with Jeff Wyler Colerain, Inc, dated 12/31/2022, as well as a copy of the General Electric Credit Union Membership Application bearing the same date. (Doc. 5). Given the identity of the date of the transaction and parties involved, the undersigned reasonably infers that Plaintiff's claims in the instant amended complaint arise from that same installment contract.

5

jurisdiction exists under 42 U.S.C. § 1983. (*See* No. 1:23-cv-542-SJD-SKB, Doc. 1-1, PageID 5 and above-captioned case, Doc. 4, PageID 83).

But Plaintiff has failed to state a claim under the civil rights statute. As previously explained by U.S. Senior District Court Judge Susan J. Dlott:

> Griffin cannot assert civil rights claims against these Defendants pursuant to 42 U.S.C. § 1983 as a matter of law. *Defendants are not state actors and Griffin did not identify in what matter they violated any of her constitutional rights*.

(No. 1:23-cv-542-SKB, Doc. 6, PageID 92) (emphasis added). Here, Plaintiff's amended complaint again fails to state a civil rights claim under 42 U.S.C. § 1983 because none of the Defendants are state officials or state actors, and because Plaintiff does not clearly identify any federal or constitutional right that any Defendant has violated. While the above analysis provides a sufficient basis standing alone for dismissal of this case, the undersigned writes further to briefly explain additional reasons for dismissal.

**B. Plaintiff's Claims against Defendant Jeff Wyler**

Plaintiff identifies the source of her claims as a consumer credit transaction with "Jeff Wyler Honda of Colerain, et al.," dated December 31, 2022. (Doc. 4, PageID 84). In addition to the fact that the Defendant is not a state actor, claims filed under the federal civil rights statute in Ohio are subject to a 2-year statute of limitations. *See, generally*, *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Lovelace v. O'Hara*, 985 F.2d 847, 852 (6th Cir. 1993). Therefore, any claims against Jeff Wyler would be time-barred. In addition, Plaintiff's general allegations against that entity are entirely conclusory and fail to state sufficient factual detail to set forth any plausible claim under the *Twombly* and *Iqbal* standards.

### C. Plaintiff's Claims Against GECU

Plaintiff complains about GECU's role in "record[ing]" the December 31, 2022 transaction. (Doc. 4, PageID 84). Plaintiff further alleges that GECU "continuously harassed plaintiff for repayment deliberately ignoring verbal and physical cease and desist letters, a requested verification of debt letter." (*Id.*) Plaintiff's claims against Defendant GECU are virtually identical to the § 1983 claims dismissed with prejudice in her prior case, No. 1:23-cv-542-SKB. In addition to the § 1983 claims, Judge Dlott rejected any claims based on violations of any other federal consumer protection statute:

> [T]o the extent Griffin attempted to plead a claim for a violation of a federal consumer protection statute, she did not identify a coherent theory of liability or allege sufficient facts to state a claim for relief. Finally, as to Griffin's allegations that Defendants committed fraud or breached a contract, supplemental jurisdiction over the state law claims should be declined in the absence of a well pleaded federal claim.

(No. 1:23-cv-542-SKB, Doc. 6, PageID 92).[4] Therefore, Plaintiff is barred by the doctrine of *res judicata* from relitigating duplicative claims in a new proceeding. "The Sixth Circuit has stated that the doctrine of *res judicata* may be raised by the district court, *sua sponte,* 'in the interest[ ] of ... the promotion of judicial economy.'" *Daniel v. McQuiggin,* No. 2:08-CV-13293, 2009 WL 960296, at *2 n.1 (E.D. Mich. Apr. 7, 2009) (quoting *Holloway Constr. Co. v. United States Dep't of Labor,* 891 F.2d 1211, 1212 (6th Cir. 1989)).

Assuming some claims may be based on GECU's act of making a record of the December 31, 2022 transaction, the claims are also time-barred under 42 U.S.C. § 1983.

---

[4]In Objections to the R&R in her prior case, Plaintiff included new allegations of fact that GECU and two identified employees of that entity "violated her requests to cease debt collection communications," specifically citing the Fair Debt Collections Practices Act ("FDCPA"). Judge Dlott rejected Plaintiff's attempt to flesh out a new FDCPA claim in her Objections. Plaintiff's amended complaint in this case does not contain a reference to any federal statute other than § 1983. But even if she had included a reference to other federal statutes, the dismissal with prejudice of her prior lawsuit would foreclose those claims, as would the lack of factual detail and conclusory nature of the allegations in the amended complaint at hand.

7

Last, to the extent that Plaintiff accuses GECU of "continuously" harassing Plaintiff and ignoring communications from her, her failure to include dates or any other details render that accusation too devoid of factual detail to sufficiently state any plausible claim under *Twombly* and *Iqbal*.

### D. Plaintiff's Claims Against Remaining Defendants are Overly Conclusory and arise - if at all - under State Law

In addition to the fact that Secure Collateral Management, Ally Financial, and Stealth Auto Recovery are not state actors subject to suit under § 1983, Plaintiff's allegations against them are similarly too conclusory to state any plausible claim. For example, she alleges that Secure Collateral Management "began harassing plaintiff [on] Dec. 9, [2023] for repayment and or relinquishing of property which [led] to threats to confiscate the property." (*Id*., PageID 85). Despite the reference to a single date on which the alleged conduct began, Plaintiff's generic allegation of "harass[ment]" and "threats to confiscate the property" – without the inclusion of any other details or citation to any federal law other than § 1983 – amounts to a factually deficient claim that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Likewise, Plaintiff alleges in conclusory fashion that "Secure Collateral management then sold contract to Ally Financial who invaded Plaintiff's privacy [on] Jan. 3, 2024 with unreasonable surveillance/tracking." (*Id*.) And she alleges that Ally Financial stole unspecified "property" (presumed to be a vehicle) and "released" that property to Defendant Stealth Auto Recovery "who withheld the stolen property [on] Jan 11, [2024], and requested payments for retrieving property." (*Id*.) None of the referenced allegations provide the Defendants of adequate notice of what they did that would violate the sole civil rights law on which Plaintiff relies, 42 U.S.C. § 1983.

8

Plaintiff generally alleges that the actions of the latter two Defendants constituted "organized retail crime" and that a "breach of peace complaint was filed and dismissed/ignored" by Stealth Auto Recovery. (*Id.*) The undersigned assumes that Plaintiff's references may be to provisions of Ohio's criminal code. But this Court has no authority to enforce Ohio's criminal code. To the extent that Plaintiff's allegations or claims arise under any other (unidentified) provision of state law, this Court should decline to exercise supplemental jurisdiction based on the recommended dismissal of all federal claims.

IV. **Conclusion and Recommendation**

For the reasons stated, **IT IS RECOMMENDED**:

1. All of Plaintiff's federal claims should be dismissed with prejudice under the screening standards of 28 U.S.C. § 1915(e)(2)(B). In addition, Plaintiff's claims against GECU should be dismissed with prejudice because they duplicate claims that were previously dismissed with prejudice in No. 1:23-cv-542-SJD-SKB;

2. Alternatively, to the extent that the district court may choose to dismiss for lack of federal jurisdiction rather than for failure to state a claim under § 1915(e)(2)(B), most of Plaintiff's federal claims could be dismissed without prejudice. But if that alternative recommendation is adopted, Plaintiff's federal claims against GECU should remain subject to dismissal with prejudice as duplicative of her prior litigation in this Court;

3. The Court should decline to exercise supplemental jurisdiction over any potentially related state law claims. If a reviewing court finds that any state law claims exist, they should be dismissed without prejudice;

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEKINAH GRIFFIN,

    Plaintiff,

  v.

JEFF WYLER HONDA OF COLERAIN, et al.,

    Defendants.

Case No. 1:25-cv-140

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).